IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SLACK,<br>1041 Ford Street<br>Bridgeport, Pa 19405<br>         Plaintiff<br><br>v.<br><br>CITY OF PHILADELPHIA;<br>OFFICER MARTIN CAMPBELL,<br>BADGE NUMBER 5262,<br>OFFICER JAMES BUTLER,<br>BADGE NUMBER 5424,<br>individually and as police officers<br>for the City of Philadelphia,<br>c/o Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.<br>JURY TRIAL DEMANDED |

## COMPLAINT

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

### Parties

2. Plaintiff John Slack is a resident of the Eastern District of Pennsylvania and at all times relevant to this action was present in Philadelphia, Pennsylvania.

3. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania

and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants Campbell and Butler.

4. Defendants Campbell and Butler (hereinafter "the defendant officers") are police officers for the Philadelphia Police Department acting under color of state law. They are being sued in their individual capacities.

5. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff John Slack of his constitutional and statutory rights.

**Factual Allegations**

6. At approximately 10:00 p.m. on November 21, 2013, Plaintiff John Slack (hereinafter the "Plaintiff") was at the Manayunk Train Station at or near 4400 Cresson Street, in the city and county of Philadelphia, Pennsylvania.

7. Plaintiff was seated on a bench awaiting the next train to go home.

8. Plaintiff was wearing a sweatshirt/hoodie, listening to music through headphones, a winter hat and had a backpack on.

9. Contained inside Plaintiff's backpack was a pair of basketball shorts, a t-shirt, a pair of sneakers, a phone charger, a pack of gum, and a menu from the restaurant where Plaintiff was working earlier that evening.

10. Plaintiff was alone on the train platform.

11. Plaintiff was then approached by the defendant officer Campbell who was not in police uniform, but was rather intentionally undercover as a part of his duties. Defendant officer Campbell immediately asserted a demand for Plaintiff to surrender his backpack.

12. Plaintiff was not violating the law and was otherwise licensed and privileged to walk on

the public streets of Philadelphia and sit at a public train stop in Philadelphia.

13. Plaintiff, not knowing who defendant officer Campbell was, told him to 'take a walk dude', 'I'm not giving you my bag'.

14. Defendant officer Campbell opened his jacket and then for the first time showed some badge around his neck, and said, "Now, how about you give me your fucking bag".

15. Plaintiff, having done nothing illegal, alone, and merely waiting for a his train to go home, feared he was being robbed.

16. Plaintiff told defendant officer Campbell that "anybody can get one of those on the internet" referring to the purported badge. Notably, Officer Campbell was alone at this point and did not identify himself as an undercover Philadelphia Police Officer or show ID.

17. Plaintiff asked defendant Officer Campbell for ID, upon which defendant officer Campbell stated again, "give me the F'ing bag" and then forcefully and intentionally grabbed Plaintiff by the straps of his backpack near his neck, and slammed Plaintiff face down on the train platform mere inches from the edge of the platform leading to the train tracks.

18. Plaintiff started screaming for the police, believing he was being robbed and beaten by an unknown person (defendant officer Campbell).

19. Plaintiff's outer garments came over his head and defendant officer Campbell continued to physically assault, punch, and kick Plaintiff about his head, body and limbs.

20. Plaintiff continued to scream for help and yelled he was calling the police as he held his phone in his hand.

21. Defendant officer Campbell in response stated "I am the cops, mother fucker" and knocked Plaintiff's phone out of his hand as Plaintiff was trying to dial 911.

22. Defendant officer Butler was then observed on the platform by the Plaintiff as the

Plaintiff was still on the ground being assaulted by defendant officer Campbell.

23. Defendant officer Butler then approached defendant officer Campbell and Plaintiff as defendant officer Campbell was still assaulting Plaintiff.

24. Defendant officer Butler, also in undercover clothing, then joined defendant officer Campbell in physically assaulting Plaintiff.

25. The defendant officers confiscated Plaintiff's backpack, opened Plaintiff's backpack, searched Plaintiff's backpack and dumped out the contents of said backpack, finding no weapons or contraband.

26. The defendant officers fully searched Plaintiff's physical body and clothing, finding no weapons or contraband.

27. The defendant officers placed handcuffs on Plaintiff and placed him under arrest.

28. Without cause or justification, and at least in part as a result of the exercise of Plaintiff's First Amendment rights, the defendant officers seized Plaintiff John Slack, assaulted him, took his property, and placed him under arrest, causing Plaintiff to sustain harm.

29. Without cause or justification, and at least in part as a result of the exercise of his First Amendment rights, defendant officer Campbell assaulted Plaintiff John Slack, threw him to the ground, repeatedly punched and kicked Plaintiff, seized and searched Plaintiff's body and property, and placed him under arrest, causing him to sustain harm.

30. The defendant officers, having now assaulted Plaintiff, causing noticeable physical injuries to Plaintiff, handcuffed him, arrested him, placed him in police vehicle, and drove him to their police station.

31. The defendant officers without cause or justification, used unreasonable force, causing Plaintiff to sustain additional harms.

32. At the police station, defendant officers handcuffed Plaintiff to a chair while Plaintiff was shirtless since Plaintiff's clothing had been torn off during the assault and resulting arrest by the defendant officers.

33. Without cause or justification and in the absence of probable cause, Plaintiff was arrested.

34. The defendant officers verbally abused Plaintiff and made offensive comments to Plaintiff.

35. After a few hours in police custody, Plaintiff was then suddenly released from the police station and handed a piece of paper from defendant officer Butler who indicated that Plaintiff was only being charged with a summary offense, but that the Plaintiff should just appear at Court and the matter should be thrown out.

36. Without cause or justification, Plaintiff John Slack was issued a singular Criminal Citation charging him with summary public drunkenness.

37. Plaintiff John Slack sought treatment for his various injuries at a hospital and has incurred medical expenses related to his injuries caused by the defendant officers.

38. Plaintiff John Slack had to incur a financial burden of hiring defense counsel to defend against the criminal charge falsely lodged against him.

39. On January 27, 2014 Plaintiff John Slack appeared for trial before the Honorable Joyce Eubanks of the Municipal Court of Philadelphia County.

40. Defendant officer Butler was present in court that morning, but refused to testify against Plaintiff for the summary public drunkenness citation. Defendant officer Campbell was not present.

41. The Court rolled the matter two days for defendant officer Campbell to appear for trial.

42. On January 29, 2014 Plaintiff John Slack appeared again for trial before the Honorable Joyce Eubanks of the Municipal Court of Philadelphia County.

43. Defendant officer Campbell incredulously testified regarding the events surrounding the stop, detention, assault, search, and arrest of Plaintiff.

44. At the conclusion of testimony, Plaintiff John Slack was found not guilty.

45. Plaintiff did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia or engage in any conduct which justified the actions of the Defendants.

46. The unlawful arrest, search, detention and use of force in this case were the direct result of Defendants' pattern, practice and custom of subjecting citizens such as Plaintiff to a policy of stop and frisk, the use of force, arrest and prosecution in the absence of probable cause.

47. The actions and conduct of the defendant officers were undertaken, at least in part, in response to and in retaliation for Plaintiffs' exercise of protected First Amendment rights, including but not limited to a refusal to surrender his personal property without just cause, and a request for identification from defendant officer Campbell, and Plaintiff exercising his rights under the Fourth Amendment.

48. The defendant officers acted willfully, deliberately, maliciously or with reckless disregard of Plaintiffs' constitutional and statutory rights.

49. As a direct and proximate result of the actions of all Defendants, Plaintiffs suffered and continues to suffer physical and psychological harms, pain and suffering, some or all of which may be permanent, as well as financial losses.

50. Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiffs'

constitutional rights by subjecting Plaintiff John Slack to the unreasonable detention, unreasonable and excessive use of force, false arrest, false imprisonment, and malicious prosecution.

## FIRST CAUSE OF ACTION

## FEDERAL CIVIL RIGHTS VIOLATIONS

51. Plaintiffs incorporate by reference paragraphs 1-50 of the instant Complaint.

52. As a direct and proximate result of all Defendants' conduct, committed under color of State law, Plaintiff John Slack was deprived of the right to be free from the unreasonable, excessive, and unlawful use of force, unreasonable and unlawful detention, unreasonable and unlawful search and seizure of his body and property, unlawful arrest and detention, and malicious prosecution.

53. As a direct and proximate result of all Defendants' conduct, committed under color of State law, Plaintiff John Slack was deprived of the right to be secure in ones person and property, to due process of law and to freedom of speech, association and expression.

54. As a result, Plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

55. As a direct and proximate result of the acts of all Defendants, Plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

56. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. The use of force and unlawful detentions and arrests by police officers;

b. The proper exercise of police powers, including but not limited to the use of force, unlawful detention, unlawful arrest, malicious prosecution, and violations of citizens' free speech rights, particularly in connection with perceived challenges to or criticism of police authority;

c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e. Police officers' use of their status as police officers to employ the use of force and unlawful arrest, or to achieve ends not reasonably related to their police duties;

f. The implementation of or acquiescence in a policy, practice and custom of undertaking arrests in the Manayunk business district in the absence of probable cause;

g. The use of police powers to undertake pretextual arrests and prosecutions in the Manayunk business district and elsewhere to resolve alleged "quality of life" offenses without regard to the constitutional rights of individuals including Plaintiffs;

h. Undercover police officer policies and procedures for undercover police officer identification, undercover police officer use of force, undercover police officer clothing insignia, and other identifying insignia items; and

i. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented in this case.

56. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

57. Defendants have by the above described actions deprived Plaintiff of rights secured by The First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

## SUPPLEMENTAL STATE CLAIMS

58. Plaintiffs incorporate by reference paragraphs 1-57 of the instant Complaint.

59. The acts and conduct of the individual defendants in this cause of action constitute assault and battery, illegal search and seizure as to person and property, false arrest and false imprisonment and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiffs request the following relief:

    a. Compensatory damages as to all defendants;

    b. Punitive damages as to the individual defendants;

    c. Reasonable attorney's fees and costs as to all defendants;

    d. Such other declaratory and further relief as appears reasonable and just including, but not limited to, a judgment that the City of Philadelphia has failed to properly train, supervise and discipline police officers regarding the use of police powers to undertake pretextual arrests and prosecutions in the Manayunk business district and elsewhere to resolve alleged

"quality of life" offenses without regard to the constitutional rights of individuals including Plaintiffs; and

e. A jury trial as to each defendant and as to each count.

Robert T. Lynch, Esquire
Attorney ID No. 200085
HOFFMAN, MICHELS & STERNBERG, LLC
737 Second Street Pike
Southampton, Pa 18966
(215) 953-8955
Counsel for Plaintiff